IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00034-F-2
No. 4:14-CV-00014-F

| | |
|---|---|
| GERALD LEE BANKS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on Gerald Lee Banks's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-82]. Also before the court are the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-86] and Banks's Motion to Amend [DE-109]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Banks's § 2255 motion is DENIED, the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment is ALLOWED, and Banks's Motion to Amend is DENIED.

**I. Factual and Procedural Background**

On April 13, 2011, Banks was charged in two counts of a three-count indictment. *See* Indictment [DE-1]. In Count One, Banks was charged with a Hobbs Act Robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2. Count Two charged Banks with using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

At Banks's arraignment, held on August 1, 2011, he entered a plea of guilty as to Counts One and Two pursuant to a written plea agreement [DE-34] with the Government. At his sentencing on December 7, 2011, Banks was sentenced to 156 months' imprisonment on Count

One and 84 months' imprisonment on Count Two. *See* Judgment [DE-53]. It was ordered that the sentence imposed in Count Two would be served consecutive to the sentence imposed in Count One.

Banks filed a Notice of Appeal on December 13, 2011. In an unpublished opinion [DE-79], the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. Banks did not file a petition for certiorari.

On January 21, 2014, Banks filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-82]. In his § 2255 motion, Banks argues that he is entitled to relief on the following grounds: (1) his trial attorney provided ineffective assistance of counsel by advising him to plead guilty; (2) his trial attorney provided ineffective assistance of counsel by failing to object to the application of U.S.S.G. § 2B3.1; and (3) his appellate attorney provided ineffective assistance of counsel by filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

The Government filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-86] on February 28, 2014. Banks responded with a Reply [DE-91] in opposition.

On July 22, 2015, Banks filed a Motion to Amend [DE-109]. The Government filed a Response in Opposition [DE-120]. Banks responded by filing a Reply [DE-125].

## II. Legal Standards

### A. Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can

2

be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### B. Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### III. Discussion

### A. § 2255 Motion

3

### 1. Banks has failed to state a claim for ineffective assistance of counsel.

Banks has raised three ineffective assistance of counsel claims before this court. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Banks's ineffective assistance of counsel claims in turn.

#### a. Advised him to plead guilty

In his first claim, Banks alleges that his trial attorney provided ineffective assistance of counsel by advising him to plead guilty. Mot. Vacate [DE-82] at 4. According to Banks, there was an overwhelming amount of exculpatory evidence establishing that he lacked the required mens rea required for the offenses. *Id.*

In the early morning hours of July 19, 2010, Banks and his co-defendant, Jeffery Jerome

4

Chapman, entered the Fuel Warehouse located in New Bern, North Carolina to commit armed robbery. PSR [DE-41] ¶ 6. Chapman was armed with a large caliber handgun. *Id.* After he entered the store, Chapman located the store employee and pointed the handgun at him and ordered him to move to the cash register. *Id.* The employee complied. *Id.* After the employee unlocked the cash register, he was ordered to lie down on the floor. *Id.* Chapman removed the currency from the register, and he and Banks fled the store with $334 in currency and $90 worth of cigarettes. *Id.*

A surveillance video captured the robbery of the gas station by Banks and Chapman. *Id.* ¶ 7. The New Bern Police Department viewed the surveillance video and immediately recognized Banks and Chapman, despite the fact they were wearing pantyhose on their heads. *Id.*

Banks was located and arrested without incident on July 25, 2010. *Id.* During subsequent interviews, Banks confessed to committing the armed robbery of the Fuel Warehouse. *Id.*

At his December 7, 2011 sentencing, Banks attempted to minimize his conduct and place the blame on Chapman. *See* December 7, 2011 Transcript [DE-73] at 15-17. Even so, Banks acknowledged he entered the gas station with Chapman and followed Chapman's instructions, including taking money off the counter. *Id.* at 17.

As for the first prong of the *Strickland* standard, the court concludes that Banks has failed to show that his attorney's performance fell below an objective standard of reasonableness. Given the surveillance video footage and Banks's confession, pleading guilty may have been a reasonable decision. Under the second prong of the *Strickland* standard, Banks has failed to allege any prejudice. Thus, this claim must fail under the second prong.

5

As noted, this claim fails under the both prongs of the *Strickland* standard. Consequently, Banks's first claim will be dismissed.

### b. Failed to object to the application of U.S.S.G. § 2B3.1

Banks alleges in his second claim that his attorney provided ineffective assistance of counsel at sentencing by failing to object to the application of U.S.S.G. § 2B3.1. Mot. Vacate [DE-82] at 5. According to Banks, the application of U.S.S.G. § 2B3.1 was a duplicate of the § 924(c) enhancement. *Id.*

Banks received a consecutive 84-month sentence for his § 924(c) offense, Count Two. *See* Judgment [DE-53]. Banks did not receive a firearm enhancement for Count One. *See* PSR [DE-41] ¶ 48 (noting that a six-level enhancement for use of a firearm could have applied, but that it would not be applied given the § 924(c) sentence). Therefore, the § 2B3.1 enhancement was not a duplicate of the § 924(c) enhancement. *See United States v. Wilson*, 198 F.3d 467, 472 n.* (4th Cir. 1999). Thus, Banks has failed to show that his attorney provided ineffective assistance of counsel for failing to object. *See Moore v. United States*, 934 F. Supp 724, 731 (E.D. Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Banks has also failed to allege any prejudice, so his claim must also fail under the second prong of the *Strickland* standard. Accordingly, Banks's second claim will be dismissed.

### c. Filed an Anders brief

In his third claim, Banks alleges that his appellate attorney provided ineffective assistance of counsel by filing an *Anders* brief that supported the Government's position. Mot. Vacate [DE-82] at 7. The record reveals that Banks's appellate attorney filed an *Anders* brief asserting that

6

there were no meritorious grounds for appeal but questioning the district court's application of a sentencing enhancement for restraint of the victim in accordance with U.S.S.G. § 3A1.3. *See* Fourth Circuit's Unpublished Opinion [DE-79] at 2.

Banks's plea agreement with the Government contained the following appellate waiver provision:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

*See* Plea Agreement [DE-34] at 1-2.

At sentencing, the court calculated Banks's advisory guideline range for Counts One and Two to be between 262 and 327 months' imprisonment. *See* December 7, 2011 Transcript [DE-73] at 5. The court allowed Banks's motion for a variance. *Id.* at 18. As noted, the court sentenced Banks to 156 months' imprisonment on Count One and 84 months' imprisonment on Count Two. *See* Judgment [DE-53]. Thus, Banks was sentenced below his advisory guideline range. Given the appellate waiver contained in Banks's plea agreement with the Government, his attorney was not ineffective for filing an *Anders* brief. Moreover, this court notes that an appellate attorney need not address every conceivable issue. Rather, the court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). For all these reasons, Banks's claim must fail under the first

7

prong of the *Strickland* standard.

This claim must fail under the second prong of the *Strickland* standard because Banks has failed to allege any prejudice. Moreover, the Fourth Circuit Court of Appeals reviewed the entire record and found no unwaived and potentially meritorious issues for review. *See* Fourth Circuit's Unpublished Opinion [DE-79] at 3.

As noted, this claim fails under both prongs of the *Strickland* standard. Consequently, Banks's third claim will be dismissed.

## B. Motion to Amend

In his Motion to Amend, Banks raises three additional issues. First, Banks contends that he was not a career offender for purposes of the sentencing guidelines because he lacked the necessary two convictions for a crime of violence or controlled substance offense. *See* U.S.S.G. §§ 4B1.1, 4B1.2. Next, Banks argues that pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), his conviction for common law robbery is not a crime of violence for purposes of U.S.S.G. § 4B1.2(a). Finally, Banks contends that his 1993 conviction for possession with the intent to sell and deliver cocaine is not a controlled substance offense.

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th. Cir. 2002). "In either

8

situation, leave should be freely granted, and should be denied only where 'good reason exists ..., such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

As noted above, Banks's plea agreement with the Government contained a waiver of his right to file for post-conviction relief pursuant to 28 U.S.C. § 2255, except an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the him at the time of the his guilty plea. *See* Plea Agreement [DE-34] at 1-2. The issues Banks has raised in his Motion to Amend are waived because they do not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Consequently, Banks's Motion to Amend is DENIED as futile.

## IV. Conclusion

For the foregoing reasons, Banks's § 2255 motion [DE-82] is DENIED, the Government's Motion to Dismiss or, in the alternative, for Summary Judgment [DE-86] is ALLOWED, and Banks's Motion to Amend is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a

debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Banks has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the _6_ day of November, 2015.

*James C Fox*
James C. Fox
Senior United States District Judge